# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 20-3041-05-CR-S-MDH |
| APRIL D. WHITE, | |
| Defendant. | |

## MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

The United States of America, by the United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure Defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that Defendant committed the following offenses: (1) conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846, and any amount of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846; and (2) possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A);

2. Defendant poses a risk to the safety of others in the community; and

3. Defendant poses a flight risk.

## SUPPORTING SUGGESTIONS

Subsection 3142(f) of Title 18 of the United States Code provides that a hearing must be

held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure a defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) for which imprisonment for 10 years or more is possible. In this case, Defendant is charged with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a crime for which a term of not less than 10 years and not more than life in prison is possible.

Section 3142(e)(3) provides a presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the offense is one enumerated under the Controlled Substance Act. In light of the Indictment filed in this case, the Government submits that there is probable cause to believe Defendant violated 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. Accordingly, there is a legal presumption, subject to rebuttal by Defendant, that no condition or combination of conditions will reasonably assure Defendant's appearance or the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743–44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069–70 (8th Cir. 1988).

Additionally, under the Bail Reform Act, there is a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *see also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979).

Section 3142(g) lists the factors this Court should consider in determining whether the Court can fashion conditions that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." These factors include: (1) the nature and the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3)

the history and the characteristics of the defendant, including his or her criminal history, and; (4) the nature and the seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Tortora,* 922 F.2d at 885–86. Danger to the community does not only refer to physical violence, but extends to any likely conduct that will harm the community, including the potential for continued criminal activity. *United States v. Tortora,* 922 F.2d 880 (1st Cir. 1990).

To further support the Government's contention that Defendant is a risk to the safety of the community and presents a flight risk, the Government offers that:

1. In February 2020, law enforcement learned that the defendant and co-defendant Gregory Robinson were working together to distribute large amounts of methamphetamine in the Springfield, Missouri, area. During this investigation, at least three individuals admitted during post-*Miranda* interviews to purchasing methamphetamine from the defendant.

2. On June 2, 2020, the defendant possessed approximately 544.8 grams of methamphetamine and over $23,000 in U.S. currency.

3. The defendant has a criminal history which includes a felony conviction for delivery of a controlled substance and pending charges for possession of a controlled substance. She was on probation with the State of Missouri at the time of the instant offense.

For the foregoing reasons, the United States requests that a detention hearing be held and that Defendant be denied bail.

    Respectfully submitted,

    TIMOTHY A. GARRISON
    United States Attorney
    Western District of Missouri

    By    */s/ Jessica R. Sarff*
          Jessica R. Sarff
          Assistant United States Attorney
          Missouri Bar No. 69322
          901 East St. Louis Street, Suite 500
          Springfield, Missouri 65806-2511

## Certificate of Service

      The undersigned hereby certifies that a copy of the foregoing was delivered on January 29, 2021, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                          */s/ Jessica R. Sarff*
                                          Jessica R. Sarff
                                          Assistant United States Attorney