UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOURTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-03041-05-CR-S-MDH |
| ) | |
| APRIL D. WHITE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant April D. White's ("Defendant's") Motion for Leave to File Motion to Suppress. In accord with local rule 72.1, this matter was referred to the Magistrate Judge for initial review. The Magistrate Judge held an oral hearing on the matter. The Magistrate prepared a Report and Recommendations in which he recommended the undersigned deny Defendant's Motion for Leave. The Government responded to Defendant's initial Motion and Defendant replied in turn. Defendant also filed exceptions to the Magistrate Judge's Report and Recommendations. This Court has carefully reviewed all briefing and the record generally. For reasons herein, the Report and Recommendations are **ADOPTED** and Defendant's Motion for Leve to File Motion to Suppress is **DENIED**.

## BACKGROUND

Defendant was charged by Superseding Indictment with one count of Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine and Any Amount of Heroin and one count of Possession with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine. (Doc. 83). Attorney Peter Bender entered his appearance for Defendant on

1

January 27, 2021. (Doc. 90). The Magistrate Judge issued a Trial and Scheduling Order on January 29, 2021, stating pretrial motions were due on or before March 1, 2021. (Doc. 99). The Government provided initial discovery February 10, 2021, including police reports. (Doc. 313 at 3, 14). The Government provided supplemental discovery August 27, 2021 consisting of a June 2020 recorded interview of Defendant following a traffic stop and arrest. (Doc. 313 at 3-7). Defendant then filed the present Motion for Leave as well as an accompanying Motion to Suppress (Doc. 299) on August 26, 2022. The basis of Defendant's Motion to Suppress appears to be a general challenge to the traffic stop that led to discovery of alleged controlled substances. (Doc. 299).

**ARGUMENT**

As a basis for her Motion for Leave, Defendant argues generally that the Government failed to produce the names and addresses of all witnesses in accord with the Magistrate Judge's Scheduling and Trial Order. (Doc. 300). The Government's disclosure of the recorded interview on August 27, 2021, Defendant also seems to argue, precluded Defendant from timely moving to suppress. (Doc. 300). In her reply brief to the Government, Defendant also contends covid precautions at the facility where Defendant is housed as well as mental health concerns prevented timely pretrial visits between Defendant and Mr. Bender. (Doc. 306). Finally, Defendant argues if this Court were to find no "good cause" for Defendant's untimeliness and deny her present Motion, that would be at odds with prior findings of "good cause" that allowed her co-defendants to continue the trial in this matter. (Doc. 316). In response, the Government argues generally that Defendant has failed to identify any good cause for the twelve-month delay between the Government's final disclosure of the recorded interview in August 2021 and Defendant's Motion for Leave to File, let alone the more than seventeen-month delay between the March 2021 date

identified in Scheduling and Trial Order and Defendant's Motion. (Doc. 301).

As noted by the Magistrate Judge, Eighth Circuit precedent allows untimely pretrial motions to suppress only when a Defendant makes a showing of good cause for delay and prejudice. *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2019) ("To show good cause, a party must show both cause and prejudice."). Here, Defendant's argument fails to adequately show good cause. Specifically, no argument advanced by Defendant accounts for the, at minimum, twelve-month delay between the date of the Government's last disclosure and Defendant's present Motion. Arguments put forth by Defendant appear to consist of various reasons that may have made a timely motion difficult, but collectively they fail to rise to the level of "good cause." This is particularly true when the delay in question is at least twelve months.

## CONCLUSION

It is **THEREFORE ORDERED** that Defendant's exceptions are considered and **OVERRULED.**

It is **FURTHER ORDERED** that the Report and Recommendation of the United States Magistrate Judge is **ADOPTED** and incorporated herein.

It is **FURTHER ORDERED** that Defendant's Motion for Leave to File Motion to Suppress is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 22, 2023                      */s/ Douglas Harpool*
                                                                        **DOUGLAS HARPOOL**
                                                                        **United States District Judge**