# 3IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 20-03041-05-CR-S-MDH |
| APRIL D. WHITE, | ) ) ) | |
| Defendant. | ) | |

## REPORT & RECOMMENDATIONS

Before the Court is Defendant's [Motion] for FRE 104(c) Hearing, filed on February 22, 2023. (Doc. 349.) Pursuant to Fed. R. Evid. 104(c), Defendant "prays that the Court set her for a suppression motion, or, in the alternative, a motion to resolve preliminary matters … prior to trial … and the drugs allegedly seized from her be declared inadmissible at trial." The Government filed a response in opposition, and Defendant filed a reply. (Docs. 351, 352.) In the undersigned's view, Defendant's [Motion] for FRE 104(c) Hearing is essentially a motion to suppress evidence, and this action has been referred to the undersigned to prepare a report on all motions to suppress evidence. As follows, it is **RECOMMENDED** that the [Motion] for FRE 104(c) Hearing be **DENIED**.

### I. Findings

On January 19, 2021, Defendant was charged by Superseding Indictment with one count of Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine and Any Amount of Heroin, and one count of Possession with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine. (Doc. 83.)

On August 26, 2022, Defendant filed a Motion to Suppress Evidence (doc. 299), challenging whether probable cause existed for the June 2, 2020 traffic stop which led to the discovery of alleged controlled substances. The Motion to Suppress Evidence was denied without prejudice as untimely, and Defendant then filed a Motion for Leave (doc. 300) to file said motion out of time. By Order entered February 22, 2023, the District Court found that Defendant had failed to show good cause and denied leave to file the Motion to Suppress Evidence out of time. (Doc. 346.)

## II. Conclusions

In the [Motion] for FRE 104(c) Hearing, Defendant states that she "objects to the admission of the drugs allegedly seized from her under the pretext of a traffic violation and … intends to testify as to the impossibility of the probable cause the Government is expected to allege, and ultimately to the lack of credibility of Government witnesses making the impossible allegations." Thus, Defendant challenges whether probable cause existed for the June 2, 2020 traffic stop and seizure that led to the search of her automobile and home, and ultimately the discovery of alleged controlled substances, which she seeks to exclude.

Under the Fourth Amendment, a defendant in a criminal case may file a motion to suppress evidence, asking the court to exclude evidence resulting from an unconstitutional search or seizure. However, per Fed R. Crim. P. 12(b)(3)(C), motions for suppression of evidence "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely." Fed. R. Crim. P. 12(C)(3). Furthermore, the court may deny a motion to exclude evidence "as untimely on the ground that it was an untimely effort to

preserve issues that could have been raised in a timely motion to suppress." *United States v. Trancheff*, 633 F.3d 696, 698 (8th Cir. 2011).

Here, the undersigned finds that the issue raised by Defendant in her [Motion] for FRE 104(c) Hearing, that being whether probable cause existed for the June 2, 2020 traffic stop, is the same issue that she attempted to raise previously in her August 26, 2022 Motion to Suppress Evidence, which was denied as untimely, and for which leave to file out of time was subsequently denied for failing to show good cause. Accordingly, the [Motion] for FRE 104(c) Hearing is an untimely effort to preserve issues that could have been raised in a timely motion to suppress but were not.

### III.  Recommendation

Based on the foregoing, it is **RECOMMENDED** that Defendant's [Motion] for FRE 104(c) Hearing be **DENIED**.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: March 10, 2023