UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOURTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-03041-05-CR-S-MDH |
| ) | |
| APRIL D. WHITE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant April D. White's ("Defendant's") Motion for FRE 104(c) Hearing. In accord with local rule 72.1, this matter was referred to the Magistrate Judge for initial review. The Magistrate prepared a Report and Recommendations in which he recommended the undersigned deny Defendant's Motion for FRE 104(c) Hearing. The Government responded to Defendant's Motion and Defendant replied in turn. This Court has carefully reviewed all briefing and the record generally. For reasons herein, the Report and Recommendations are **ADOPTED** and Defendant's Motion for FRE 104(c) Hearing is **DENIED**.

## BACKGROUND

Defendant was charged by Superseding Indictment with one count of Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine and Any Amount of Heroin and one count of Possession with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine. (Doc. 83). Attorney Peter Bender entered his appearance for Defendant on January 27, 2021. (Doc. 90). The Magistrate Judge issued a Trial and Scheduling Order on January 29, 2021, stating pretrial motions were due on or before March 1, 2021. (Doc. 99). The

1

Government provided initial discovery February 10, 2021, including police reports. (Doc. 313 at 3, 14). The Government provided supplemental discovery August 27, 2021, consisting of a June 2020 recorded interview of Defendant following a traffic stop and arrest. (Doc. 313 at 3-7). Defendant then moved for leave to file motion to suppress August 26, 2022. (Doc. 300). The basis of Defendant's Motion to Suppress appears to be a general challenge to the traffic stop that led to discovery of alleged controlled substances. (Doc. 299). The undersigned adopted the Magistrate Judge's Report and Recommendations and denied Defendant's Motion for Leave to File a Motion to Suppress. (Doc. 346). Defendant then filed the present Motion, seeking a hearing under FRE 104(c). Defendant generally requests that this Court allow Defendant to assert the argument she would have made during a suppression hearing in a FRE 104(c) hearing instead.

## ARGUMENT

Federal Rule of Evidence 104(c) provides, "the court must conduct any hearing on a preliminary question so that the jury cannot hear it if: (1) the hearing involves the admissibility of a confession; (2) defendant in a criminal case is a witness and so requests; or (3) justice so requires." Defendant argues that she "objects to the admission of the drugs allegedly seized from her under the pretext of a traffic violation and while waiting for a search warrant to be signed. Defendant intends to testify to the impossibility of the probable cause the Government is expected to allege, and ultimately to the lack of credibility of Government witnesses making the impossible allegations." (Doc. 349 at 1). This is the same argument Defendant attempted to assert in her Motion to Suppress. (Doc. 299). Defendant concedes this, explaining, "Defendant fails to see any difference between a suppression hearing and an FRE 104 § (c) hearing, except that the FRE 104 § (c) hearing is technically part of the trial." (Doc. 352 at 2). In other words, because this Court denied Defendant's Motion for Leave to File Motion to Suppress, Defendant now attempts to

2

reassert the same argument, but through a FRE 104(c) hearing.

The undersigned agrees with the Magistrate Judge who found that Defendant's current Motion is simply "an untimely effort to preserve issues that could have been raised in a timely motion to suppress but were not." (Doc. 353 at 3). Therefore, as with Defendant's previous Motion for Leave to File a Motion to Suppress, this Court denies Defendant's present Motion for Defendant's failure to show good cause.[1] Eighth Circuit precedent allows untimely pretrial motions to suppress only when a defendant makes a showing of good cause for delay and prejudice. *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2019) ("To show good cause, a party must show both cause and prejudice."). Defendant's argument in both her Motion for Leave to File Motion to Suppress as well as Defendant's present Motion for FRE 104(c) Hearing fail to show good cause for any delay. This Court previously addressed Defendant's failure to show good cause in her Motion for Leave to File Motion to Suppress. (Doc. 346). Defendant's present Motion does not address the issue of why Defendant failed to timely move to suppress pursuant to the Magistrate Judge's Trial and Scheduling Order, which established March 1, 2021 as the deadline for pretrial motions. (Doc. 99).

## CONCLUSION

It is **ORDERED** that the Report and Recommendation of the United States Magistrate Judge is **ADOPTED** and incorporated herein.

It is **FURTHER ORDERED** that Defendant's Motion for 104(c) Hearing is **DENIED**.

---

[1] In addition to precedent cited by the Magistrate Judge, this position finds further support from the recent Eighth Circuit opinion in *United States v. Mayer*, where the Court looked to the substance rather than heading of the defendant's motion to determine whether it was a pretrial motion to exclude or a motion to suppress. *United States v. Mayer*, 63 F.4th 680, 684 (8th Cir. 2023). In *Mayer*, the Eighth Circuit affirmed the lower court's denial of leave to make an untimely pretrial motion to suppress, when the defendant failed to show good cause for the delay, even though that motion was labeled a pretrial motion to exclude. *Id*.

3

**IT IS SO ORDERED.**

Dated: April 14, 2023  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**